## Breaux Ballard, Inc., v. Shannon, Auditor of Public Accounts.

(Decided Jan. 18, 1938.)

CRAWFORD, MIDDLETON, MILNER & SEELBACH and DONALD DINNING for appellant.

HUBERT MEREDITH, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

The appellant, Breaux Ballard, Incorporated, complains of a judgment rendered against it in the Franklin circuit court. It filed a petition in that court seeking a mandamus to compel the state auditor of public accounts, E. E. Shannon, to refund to it the sum of $1,813.43, certain taxes paid to the State of Kentucky, under protest, after January 15, 1936, the date of the repeal of the Gross Receipts Tax Law. This tax resulted from the sale of automobiles made by appellant, a busi-

ness in which it was engaged prior to that date, being 3 per cent. on sales aggregating $60,447.94. These sales were made prior to the repeal of the act and while it was in full force and effect. A demurrer was sustained to the petition, to which ruling appellant excepted and refused to plead further. Judgment was then rendered, dismissing the petition. This appeal follows.

The appeal involves only one question. The Gross Receipts Tax Law, Acts 1934, Ex. Sess. c. 25, was repealed by chapter 101 of the Acts of 1936. That act provided in part as follows:

"Provided, however, that the enforcement provisions of said law shall remain in full force and effect as to all taxes which may have become payable under said Act, and which have not been paid into the State Treasury, at the time of the effective date of this Act."

It is alleged in the petition that, before the repealing act became effective, the automobiles were sold and notes taken for the sale prices. After so doing, reports of the sales were duly filed, as the law required. It is not alleged that the 3 per cent. tax was not added to, and included in, the notes. However, every allegation was made and set out in the petition, necessary to raise the question, requiring the refund, provided the facts, as alleged, taken as true (what must be done on demurrer), authorized the mandamus. It is contended by appellant that "Gross Receipts," as used in the Gross Receipts Tax Law, means that tax should be paid on "money or cash" received by the seller, while the Gross Receipts Tax Law was in effect, but does not apply to uncollected notes, as in the instant case. It is contended that it means that no tax actually becomes due under the provisions of the Gross Sales Tax Law until the notes are collected by appellant, or until the purchase price for the automobiles are received by it, the seller. A solution of that point solves the whole question. Under the Gross Receipts Tax Law, who is bound for the tax, the seller of the automobile or the purchaser? If the imposition of the tax was intended to be imposed upon the purchaser of the article sold, and the seller was only an agent for the state, to collect the tax, then appellant has no standing in court. It is provided by the Gross Receipts Tax Law that "sales at retail" mean

"sales of tangible personal property not intended for resale"; that "Gross Sales Receipts" mean "sales made by retail merchants," where the amount of the sale is received in "money, credits, property, or other money's worth." Section 2. The law further provides that, where sales are on notes, the consideration shall only be deemed to be gross receipts, when payments on such notes shall be made in "cash, property, or other money's worth." Also:

> "An excise tax is hereby imposed on every merchant engaged in the sale of tangible personal property at retail, equal to three per centum (3%) of the aggregate gross receipts from the sale of tangible personal property by merchants made after this act becomes effective, and every merchant engaged in the sale of tangible personal property at retail is required to collect the tax from the purchaser and/or account to the State of Kentucky for such tax, in the manner provided in this act."

Section 3a.

> "The State Tax Commission shall promulgate rules and regulations for the various classes of business or enterprises, whose gross receipts are made taxable by this Act, which rules and regulations shall set forth the manner whereby the taxes shall be added to the retail price of the various articles, commodities or services, and, for the purpose of auditing, the Tax Commission may require the keeping and filing of sales tickets showing the amount of the tax added to the sales of said articles, commodities or services.

> "In order to carry out the provisions of this section, it shall be unlawful for any person to advertise, either orally or in writing, that he is paying said taxes from any source other than the receipts of his business, and it shall be unlawful to advertise any article or service taxable hereunder as being sold free of the tax herein imposed."

Section 7.

We have reached the conclusion that the tax was not imposed upon the seller, but on the purchaser or buyer of the goods. The seller is required by the statute to act as the collecting agency for the state. The

law also provides that, for collecting and reporting this tax, the seller shall be paid for his services.

The contention of counsel for appellant is based on the assumption that in the instant case appellant paid the tax, and, because the law was repealed before it collected the notes, after that date it owed no tax at all. Thus, the tax paid by it should be refunded.

In the case of City of Covington v. State Tax Commission, State Tax Commission v. City of Covington, 257 Ky. 84, 77 S. W. (2d) 386, 388, we said:

"The first part of the act is taken up with the definition of terms. Then follows a recitation of the commodities the sale of which is taxed and the sale of each of which, according to the literal language employed, is 'imposed' on the sellers thereof, all of which appears in the various subdivisions of section 3 of the act, it being divided into section 3a, 3b, and 3c; but it is distinctly prescribed in each of the subsections that the seller 'is required to collect the tax from the purchaser' of the commodity taxed. Other and later provisions impose the duty on him (seller) to make periodical reports to the State Tax Commission of the amount of his gross receipts since the last report with the taxes collected from and paid by the various purchasers and to pay into the treasury through the Tax Commission that amount. By section 4 of the act he is given the right to deduct from the amount of tax so collected from his purchasers 3 per cent. as compensation for his services in collecting it."

It follows that, if the tax is on the purchaser or buyer and not on the seller, the repeal of the act would not affect the tax already included in the notes executed by the purchaser, or, if not so included, it still would be the duty of the purchaser to pay it.

In the City of Covington Case, supra, we also said:

"In defining 'gross receipts' upon which the tax is exclusively levied, the words are restricted to sales for which the seller has received the consideration, either at the time of making the sale, or by payment of accounts of his customers to whom he ex-

tended credit. In other words, no tax is collectable from the merchant or seller until he collects the price of the commodity that he sells while engaged in the activity in which the sale was made. From that provision alone it would seem to appear that the clear import of the statute, and also the legislative intent, is and was to make the merchant or seller only a collector of the tax from his customers, since there would be no logic in postponing payment of the tax until he collected the amount of his sales (whether for cash or on credit) if the tax is in reality imposed on him as a 'seller' with no right to ever collect it from the buyer, nor would it hardly comport with universal methods of tax levying statutes to make the taxpayer the collector of the assessed tax from himself, and to remunerate him therefor. While such a method might not be inhibited, yet it is a radical departure from the usually provided ones.

"Again, and in further fortification of that conclusion, the same section of the act, investing the State Tax Commission with the power to promulgate rules and regulations for carrying it into effect, expressly requires that such rules and regulations 'shall set forth the manner whereby the taxes shall be added to the retail price of the various articles, commodities or services,' that are taxed by the act, and the commission has promulgated its rule 23 wherein it prescribed for the carrying out of that provision of the statute, and in which it said: 'While the Tax Commission will look to the merchant or seller for the tax, the law contemplates that the tax will be passed on to the consumer in some manner, and the Commission is charged with the duty of prescribing the method by which the merchant or seller shall pass the tax on to and collect the same from the purchaser. The Commonwealth has tentatively consented to the use of the bracket system of collecting the tax, and has provided the following table as the basis for collections.' "

Again, we said in the same opinion:

"The activity 'made taxable by this act,' as we have seen, is not that of merchant or seller, but that

the tax is imposed upon the transaction of sale and is chargeable to the buyer, though to be collected and accounted for by the merchant or seller for the compensation fixed by the statute."

As the sale of the automobiles and the notes executed were made prior to the repeal of the Gross Receipts Tax Law, it was then the duty of appellant, under that act, to collect and account for a 3 per cent. sales tax upon the notes that it had obtained from the purchasers of the automobiles. Appellant was required to include the tax in the notes and to collect the deferred payments, together with the tax. The repeal of the act saved this provision, by providing that the enforcement provision of the act was not repealed, so far as it affected the collection of taxes when due, under the act.

This tax became due and payable, on the day of the sale of the automobiles, to the Commonwealth of Kentucky, but the collection thereof was fixed at another date.

We have reached the conclusion that the tax in question is not against appellant, the seller of the automobiles, but, on the other hand, against the buyer, and that the seller is only a collector of the tax from these, who executed the notes for the automobiles, and that the provision in the Gross Receipts Tax Law was retained for the collection in the repealing act of January 15, 1936. It remained the duty of appellant to collect the tax from the purchaser.

Therefore, in our judgment, the lower court was correct in sustaining the demurrer.

Judgment affirmed.